UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 13-48567 |
| Irina Pechorina, | ) | Hon. Timothy A. Barnes |
| | ) | Hearing Time: December 10, 2014 |
| Debtor. | ) | Hearing Date: 10:30 a.m. |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:           Joseph A. Baldi, Trustee

Authorized to Provide
Professional Services to:    Estate

Date of Order Authorizing
Employment:                  December 20, 2013

Period for Which
Compensation is sought:      May 21, 2014 to Close of Case

Amount of Fees sought:       $1,000.00*

Amount of Expense
Reimbursement sought:        $0.00

This is an:    Interim Application __        Final Application  _X_

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is: $0.00  .

Dated: November 17, 2014              Joseph A. Baldi, Trustee of the Estate of
                                      Irina Pechorina, Debtor


                                      By:    /s/Joseph A. Baldi, Trustee
                                             Joseph A. Baldi, Trustee


*\* Trustee has incurred fees in the amount of $1,342.50 for 5.70 hours of service to the Estate. Pursuant to Section 726 of the Code, Trustee is only entitled to the above requested compensation.*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 13-48567 |
| Irina Pechorina, | ) | Hon. Timothy A. Barnes |
| | ) | Hearing Date: December 10, 2014 |
| Debtor. | ) | Hearing Time: 10:30 A.M. |

**Application for Allowance and Payment of Final Compensation of Joseph A. Baldi, as Trustee**

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Irina Pechorina, debtor ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $1,000.00 as final compensation for his services rendered as trustee in this case from the date of his appointment through the close of this case. In support thereof, Trustee states as follows:

**Introduction**

1. This case was commenced on December 20, 2013 by the filing of a voluntary petition for relief under chapter 7 of the Code. Joseph A. Baldi is the duly appointed, qualified and acting chapter 7 trustee in this case.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The sole asset of this Estate is the estate's interest in the Debtor's 2008 Toyota Camry.

4. The bar date for filing claims in this case was September 3, 2014.

**Prior Compensation**

5. This is the first and final application ("Application") for allowance of compensation filed by Trustee in this case.

6.     Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case except as set forth above.

### Services Rendered by Trustee

7.     Since his appointment, Trustee has performed actual, necessary and valuable services on behalf of the Estate with a total value of $1,342.50. Itemized billing statements describing the Trustee's services from May 21, 2014 through the close of the case are attached hereto as Exhibit A. Those services rendered by Trustee since his appointment in this case include but are not limited to the following:

A.     Trustee requested an appraisal on the Debtor's 2008 Toyota Camry ("Property"). The appraisal valued the Property between $9,000.00 and $10,000.00. After analyzing the debtor's exemptions in the Property, the Trustee offered the Debtor a settlement of $4,000 to settle the estate's interest in the Property. Debtor accepted the settlement and made a one-time payment of $4,000.00 to the estate.

B.     Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

C.     Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

D.     Trustee prepared the semi-annual reports required by the United States Trustee and met with representatives of the U.S. Trustee regarding the administration and status of the case;

E.     Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

### Funds Collected and Disbursed by Trustee

8.     Trustee has collected the sum of $4,000.00 on behalf of the Estate. Trustee has made $20.00 in disbursements in this case as of the date hereof.

9.  A copy of the *Form I Individual Estate Property Record and Report* showing the disposition of the assets of this Estate is attached to Trustee's Final Report as Exhibit B.

### Compensation Requested

10.  During the period covered by this Application, Trustee has spent 5.70 hours rendering services on behalf of this Estate with a value of $1,342.50. Trustee estimates that he will spend an additional three (3) hours rendering services with a value of $800.00 to obtain approval of the final report, make a final distribution to creditors, and prepare and file his final account. In addition to the amounts requested for services previously rendered, Trustee also seeks allowance and payment of compensation for the services he will render in order to close this case.

11.  The maximum compensation allowable to Trustee pursuant to section 726 of the Code, based upon the receipts and disbursements listed above, is $1,000.00 follows:

| | |
|---|---|
| 25% of the first $4,000.00 | $ 1,000.00 |
| Total allowable compensation | $ 1,000.00 |

12.  Based upon the caliber of the services rendered by Trustee and the results achieved in this case, Trustee requests allowance and payment of final compensation for his services rendered as trustee from May 21, 2014 to close of case in the amount of $1,000.00. This amount represents reasonable compensation for the services rendered by Trustee and is within the maximum compensation allowable as set forth in paragraph 11 above.

13.  An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit B.

14. Trustee requests that the compensation requested herein be paid from the Estate funds in his possession.

## Status of the Case

15. The Trustee has liquidated or abandoned all of the assets belonging to this Estate and completed his review and analysis of the claims filed against the Estate.

16. Trustee has completed and filed his Final Report simultaneously herewith.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate Patricia Lopez, debtor, requests the entry of an order providing the following:

A. Allowing and authorizing payment to Trustee of final compensation in the amount of $1,000.00 for his actual and necessary professional services rendered and to be rendered on behalf of this Estate May 21, 2014 to close of case; and

B. Authorizing Trustee to make a distribution of the monies awarded above as part of his final distribution in this case, and

C. For such other and further relief as this Court deems appropriate.

Dated:   September 25, 2014             Joseph A. Baldi, as trustee of the estate
                                        of Irina Pechorina, debtor


                                        By:_____/s/_____
                                              Joseph A. Baldi

Joseph A. Baldi
Baldi Berg, Ltd.
20 N. Clark Street, Ste 200
Chicago, IL  60602
(312) 726-8150

4

**Trustee's Final Fee Application**              **Irina Pechorina, Debtor**
                                                 **Case No. 13-48567**

**Trustee's Itemized Billing Statements**

**Exhibit A**

# Baldi Berg, Ltd
## 20 N. Clark Street
## Suite 200
## Chicago, IL 60602

Phone: (312) 726-8150
Fax:    (312) 470-6323

FEIN: 36-4352753

**Invoice submitted to:**

September 12, 2014
Invoice No:   02495

Joseph A Baldi, Trustee
Baldi Berg, Ltd.
20 North Clark Street
Suite 200
Chicago, IL 60602

**In Reference to:**   *Pechorina - Trustee Matters*

## Professional Services

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 5/21/2014 | JAB | Review and respond to emails regarding sale of vehicle, negotiations for price of same. | 0.50<br>$450.00/ hr | $225.00 |
| 5/23/2014 | JAB | Prepare and forward letter regarding sale of vehicle, terms of same. | 0.50<br>$450.00/ hr | $225.00 |
| 6/03/2014 | JMM | Request EIN from IRS (.1), Open new bank account and deposit check into TCMS (.1), Send check to Associated Bank via FedEx (.1) | 0.30<br>$175.00/ hr | $52.50 |
| 6/06/2014 | JMM | TC from Debtor's Counsel re: citibank issue with continued meeting regarding property(.3), Draft email to Trustee Baldi re: Conclude Meeting of Creditors (.1), Draft email to Debtor's Counsel re: Conclusion of Meeting of Creditors (.1) | 0.50<br>$175.00/ hr | $87.50 |
| 7/14/2014 | JAB | Review and approve June 14 bank statement | 0.10<br>$450.00/ hr | $45.00 |
| 7/16/2014 | JMM | Process June 2014 Bank Statement (.1) Reconcile Bank Statement with TCMS (.1) | 0.20<br>$175.00/ hr | $35.00 |

**Baldi Berg, Ltd**                                                                                                  9/12/2014

Pechorina - Trustee Matters                                                                          Page    2

---

| Date | Initials | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 8/12/2014 | JAB | Review and approve July 14 Bank Statement | 0.10<br>$450.00/ hr | $45.00 |
| 8/13/2014 | JMM | Process July 2014 Bank Statement (.1) Reconcile Bank Statement with TCMS (.1) | 0.20<br>$175.00/ hr | $35.00 |
| 9/04/2014 | JAB | Review and approve August 14 Bank Statement | 0.10<br>$450.00/ hr | $45.00 |
| 9/05/2014 | JMM | Process August 2014 Bank Statement (.1) Reconcile Bank Statement with TCMS (.1) | 0.20<br>$175.00/ hr | $35.00 |
| 9/10/2014 | ECB1 | Review draft proposed distribution and review and approve administrative claims in JAB absence | 0.10<br>$50.00/ hr | $5.00 |
| 9/12/2014 | JMM | Draft Trustee's Final Report (.7), Notice of Final Report (.5), Draft Trustee's Final Fee Application (1.1), Coversheet, Affidavit, and Order (.3), Edit Trustee's Final Report (.2) and Trustee Fee App (.1) | 2.90<br>$175.00/ hr | $507.50 |

|  |  |
|---|---|
| Total Fees | $1,342.50 |
| Total New Charges | $1,342.50 |
| Previous Balance | $0.00 |
| Balance Due | $1,342.50 |

### Timekeeper Summary

| Name | Hours | Rate |
|---|---|---|
| Elizabeth (1) C Berg | 0.10 | $50.00 |
| Joseph A Baldi | 1.30 | $450.00 |
| Jason M Manola | 4.30 | $175.00 |
|  | 5.70 |  |

**Trustee's Final Fee Application**　　　　　　　　　　　　**Irina Pechorina, Debtor**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 13-48567**

**Rule 2016 Affidavit**

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
|     Irina Pechorina, | ) | |
| | ) | Case No. 13-48567 |
|              Debtor. | ) | |
| | ) | Hon. Timothy A. Barnes |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois     )
County of Cook    )

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the First and Final Application for Allowance and Payment of Compensation of Joseph A. Baldi as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter, except among the principals and associates of Baldi Berg, Ltd. a law firm at which I was employed during the pendancy of this case. I have not previously received payment of any compensation for services rendered in connection with this case.

4. Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
on September 25, 2014

_____
Notary Public

OFFICIAL SEAL
JASON M MANOLA
Notary Public - State of Illinois
My Commission Expires Nov 1, 2015

**Exhibit B**